**BICKERTON LAW GROUP**
A LIMITED LIABILITY LAW PARTNERSHIP
JAMES J. BICKERTON                    3085
BRIDGET G. MORGAN-BICKERTON    8705
Topa Financial Center, Fort Street Tower
745 Fort Street, Suite 801
Honolulu, Hawaiʻi  96813
Telephone: (808) 599-3811
Facsimile: (808) 694-3090
Email:  bickerton@bsds.com; morgan@bsds.com

Attorneys for Plaintiffs
CYRIL MARTIN; JENNIFER MARTIN,
RUSSELL BAIRD; CYNDY BAIRD, MICHAEL ARCHIBALD,
SHELLEY ARCHIBALD, STEVE OLSON, JULIE OLSON,
ROBERT HAZELTON, and ALICIA HAZELTON
individually and on behalf of all others similarly situated

## IN THE UNITED STATES DISTRICT COURT

## STATE OF HAWAII

| | |
|---|---|
| CYRIL MARTIN; JENNIFER MARTIN; RUSSELL BAIRD; CYNDY BAIRD; MICHAEL ARCHIBALD; SHELLEY ARCHIBALD; STEVE OLSON; JULIE OLSON; ROBERT HAZELTON; and ALICIA HAZELTON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>                    vs.<br><br>MARRIOTT INTERNATIONAL, INC.; KYO-YA HOTELS & RESORTS; and DOE DEFENDANTS 1-50,<br><br>                    Defendants. | CIVIL NO. 18-00494 JAO-RT<br>(Class Action)<br><br>**ORDER:  (1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AGREEMENT, (2) APPROVING FORM OF NOTICE, (3) ESTABLISHING OBJECTION DEADLINE, (4) DIRECTING DISSEMINATION OF NOTICE, AND (5) SETTING FINAL FAIRNESS HEARING RE: SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANTS** |

**ORDER: (1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AGREEMENT, (2) APPROVING FORM OF NOTICE, (3) ESTABLISHING OBJECTION DEADLINE, (4) DIRECTING DISSEMINATION OF NOTICE, AND (5) SETTING FINAL FAIRNESS HEARING RE: SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANTS**

Defendants Marriott International, Inc. and Kyo-ya Hotels & Resorts ("Defendants") and Plaintiffs Cyril Martin, Jennifer Martin, Russell Baird, Cyndy Baird, Michael Archibald, Shelley Archibald, Steve Olson, Julie Olson, Robert Hazelton, and Alicia Hazelton, (collectively, "Plaintiffs" or "Class Representatives"), on behalf of themselves and all members of the Settlement Class, entered into a Settlement Agreement and Release dated August 20, 2020 (the "Settlement Agreement") to settle this action. Plaintiffs have filed a Motion for Preliminary Approval of the proposed Settlement. The Settlement Agreement, the exhibits thereto, and the exhibits to the Motion for Preliminary Approval set forth the terms and conditions for a proposed settlement, release, and dismissal with prejudice of this Lawsuit.

Having reviewed the Settlement Agreement and its exhibits and the Motion for Preliminary Approval and its exhibits, the Court GRANTS the Motion for Preliminary Approval.

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2. <u>Jurisdiction</u>. This Court has jurisdiction over the claims at issue and parties involved in this action and has jurisdiction to approve the Settlement and the Settlement Agreement.

3. <u>Preliminary Approval of Proposed Settlement</u>. The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein as fair, adequate and reasonable, subject to further consideration at the Final Fairness[1] Hearing. The Court finds on a preliminary basis that the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness and was the product of informed, good faith, arm's length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval. The Court further preliminarily finds that the proposed distribution of the Settlement Payments to the Settlement Class Members set forth in Exhibit "A" to the Settlement Agreement is fair, reasonable, and adequate, and hereby is preliminarily approved, subject to further consideration at the Final Fairness Hearing.

---

[1] The Settlement Agreement refers to this as the Final Approval Hearing.

4. <u>Conditional Certification of Class for Settlement Purposes Only</u>.  For settlement purposes only, the Court conditionally certifies the following Settlement Class:

> All United States and Canada residents (1) who booked and paid for a stay (2) at one or more of the following Hotels: The Royal Hawaiian, a Luxury Collection Resort; The Moana Surfrider, a Westin Resort & Spa, Waikiki Beach; Sheraton Waikiki; Sheraton Princess Kaiulani or Sheraton Maui Resort & Spa ("Hotels"), (3) for a stay that took place on one or more dates between October 8, 2018 through and including November 27, 2018 (the "Class Period").

a. <u>Subclasses</u>.  The Settlement Class is further divided into Subclass 1 and Subclass 2 based on the segments and/or booking channel through which the Settlement Class Members booked their stay.

> Subclass 1: All Settlement Class Members who booked their stay directly with Marriott or a Hotel and booking channels other than through a Wholesaler, Online Travel Agent, or Group Booking. This Subclass 1 is further categorized by the Hotel at which the Settlement Class Member stayed:
>
> Subclass 1(a):  Sheraton Princess Kaiulani
> Subclass 1(b):  All Other Hotels
>
> Subclass 2: All Settlement Class Members who booked their stay through a Wholesaler, Online Travel Agent, or Group Booking.  This Subclass 2 is further categorized by the Hotel at which the Settlement Class Member stayed:
>
> Subclass 2(a):  Sheraton Princess Kaiulani
> Subclass 2(b):  All Other Hotels

b. <u>Exclusions from Settlement Class</u>.  Excluded from the Settlement Class are:  (1) all persons who have already received full refunds for their Hotel stay prior to the Effective Date of the Agreement, (2) all airline crews,

4

(3) all persons who validly opt out of the settlement in a timely manner; (4) governmental entities; (5) counsel of record for the Parties (and their respective law firms); (6) Defendants and any of their parents, affiliates, subsidiaries, independent service providers and all of their respective employees, officers, and directors; (7) the presiding judge in the Lawsuit or judicial officer presiding over the matter, and all of their immediate families and judicial staff; and (8) all persons who entered into a release with any Defendant prior to the Effective Date of the Agreement.

5. In connection with this conditional certification, the Court provisionally finds for settlement purposes only:

    a. The Settlement Class appears to be so numerous that joinder of all members is impracticable;

    b. In the context of the proposed Settlement, there appear to be questions of law or fact common to the Settlement Class;

    c. Plaintiffs' claims appear to be typical of the putative class they seek to represent; and

    d. Plaintiffs appear to be capable of fairly and adequately protecting the interests of the members of the Settlement Class in connection with the Settlement.

    e. The certification of the Settlement Class is appropriate for settlement purposes, subject to § IV, ¶ 4.2 of the Settlement Agreement, and satisfies Federal Rule of Civil Procedure ("FRCP") 23(b)(3) because questions of law or fact common predominate over any questions affecting only individual

members of the proposed Settlement Class and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

6. <u>Class Representatives</u>.  Finding that they have claims typical of absent class members and are adequate representatives of those class members, the Court appoints Cyril Martin, Jennifer Martin, Michael Archibald and Shelley Archibald to act as representatives of Subclass 1 and Russell Baird, Cyndy Baird, Steve Olson, Julie Olson, Robert Hazelton, and Alicia Hazelton to act as representatives of the Subclass 2 pursuant to FRCP 23.

7. <u>Class Counsel</u>.  The Court appoints Bickerton Law Group, LLLP, as Class Counsel pursuant to FRCP 23(g).

8. <u>Preliminary Approval of Notice and Notice Plan</u>.  The Court approves the Notice, the content of which is attached as Exhibit "B" to the Settlement Agreement.  The Court finds that the Notice and the Notice Plan to be implemented pursuant to the Settlement Agreement and as set forth in this Order (a) constitute the best practicable notice under the circumstances, (b) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Lawsuit, their right to monetary and non-monetary relief, their right to object to or to exclude themselves from the Settlement Class, and their right to appear at the Final Fairness Hearing, (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled

to receive notice, and (d) meet all requirements of due process and applicable law. Hence, when notice pursuant to the Notice Plan is completed, it shall constitute due and sufficient notice of the proposed Settlement and the Final Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the applicable requirements of FRCP 23 and due process.  The Court also approves the form of the Claim Form set forth in Section 7.2 of the Settlement Agreement.  Claim Forms must be submitted by Settlement Class Members not later than one hundred and twenty (120) calendar days after the Notice Deadline (the "Claim Form Deadline").

9. <u>Settlement Administrator</u>.  The Court hereby appoints Rust Consulting as the Settlement Administrator to supervise and administer the Notice Plan and provide administration services as set forth in the Settlement Agreement and as more fully set forth below.

10. <u>Notice of Settlement to Class Members</u>.  The Court hereby orders and directs the Settlement Administrator to provide Notice to the Settlement Class in accordance with the Notice Plan.  The Court also orders that the Settlement Administrator send the Notice and related documents, including the Claim Form, via electronic or regular mail, to those Settlement Class Members with valid addresses or email addresses set forth in Defendants' Confidential Reservation Reports.  The Settlement Administrator will mail the Notice to members of the

Settlement Class pursuant to the procedures described in the Notice Plan within forty-five (45) days following entry of this Preliminary Approval Order (the "Notice Deadline") and shall create a Settlement Website that will include the Notice, the Claim Form, the Complaint in this Lawsuit, the Settlement Agreement, and any orders of the Court relating to the Settlement. By no later than fourteen (14) days before the Final Fairness Hearing, the Settlement Administrator shall cause to be filed with the Court a Declaration of Notice Procedures, attesting to compliance with the requirements of the Notice Plan.

      11.    <u>Exclusion from the Settlement Class</u>.  Any member of the Settlement Class who wishes to be excluded from the Settlement (i.e., "opt out") must send a written request for exclusion to the Settlement Administrator stating a request to "opt out" or to be "excluded" no later than thirty (30) days prior to the Final Fairness Hearing (the "Opt-Out Deadline"). In order to be effective, the request must include:  (a) the name of the Lawsuit; (b) the full name and address of the member of the Settlement Class requesting exclusion; (c) the information that qualifies him or her for inclusion in the Settlement Class, including the name of the Hotel(s) at which the Settlement Class member booked and paid for a stay as well as the dates the Settlement Class member stayed at said Hotel(s); (d) the following statement: "I hereby request that I be excluded from the proposed Settlement Class in the Lawsuit" or a substantially similar statement that unambiguously

communicates a desire to be excluded from the Settlement; and (e) the personal signature of the member of the Settlement Class requesting exclusion.  Exclusion requests must be made individually by the member of the Settlement Class who is requesting exclusion; no generic or "mass" opt-outs shall be allowed.  Members of the Settlement Class who exclude themselves from the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class related hereto, and will preserve their ability independently to pursue any claims they may have against Defendants.

12. The Settlement Administrator will retain a copy of all requests for exclusion.  Not later than fourteen (14) days before the Final Fairness Hearing, the Settlement Administrator shall cause to be filed with the Court, under seal, a declaration that lists all of the exclusion requests that were timely and properly submitted.

13. All members of the Settlement Class who do not timely and properly submit a written request for exclusion from the Settlement Class (i.e., do not opt-out) on or before the Opt-Out Deadline will be bound by all the terms and provisions of the Settlement and the Settlement Agreement and all proceedings, orders, and judgments in the Lawsuit, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other

proceedings encompassed by the Releases, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received a payment under the Settlement Agreement.

14. <u>Objections to the Settlement</u>.  Any Settlement Class Member who does not opt out and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement or the Settlement Agreement shall file with the Court and serve on Class Counsel[2] and Defense Counsel[3] no later than thirty (30) days prior to the Final Fairness Hearing (the "Objection Deadline") a statement of the objection signed by the Settlement Class Member containing all of the following information:  (a) including the case name and number; (b) attaching documents establishing, or providing information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member and, if represented by counsel, including the contact information for his or her counsel; (c) including a statement of such Settlement Class Member's objection; (d) stating the specific legal and factual bases for his or her objection, as well as identifying any documents which such objector desires the Court to consider; and (e) including a specific list of each

---

[2]  c/o Bridget G. Morgan-Bickerton, Bickerton Law Group, LLLP, Topa Financial Center, Fort Street Tower, 745 Fort St. #801, Honolulu, HI 96813.

[3]  c/o Nathan Yoshimoto, Yoshimoto Law Group, 201 Merchant Street, Suite 2440 Honolulu, Hawaii 96813.

instance in which the Settlement Class Member or his or her counsel has objected to a class action settlement in the past five years.

15. Any Settlement Class Member who fails to file a timely written objection to the Settlement or who fails otherwise to comply with the requirements of Sections 9.2 and 9.3 of the Settlement Agreement shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or by any other means.

16. Any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, any proposed award for Attorneys' Fees and Expenses, or any proposed Service Award and who intends to make an appearance at the Final Fairness Hearing shall provide to the Settlement Administrator, Class Counsel, and Defense Counsel and file with the Court no later than the Objection Deadline a Notice of Intention to Appear. Counsel who do not adhere to these requirements will not be heard at the Final Fairness Hearing.

17. Settlement Class Members who file objections must redact any social security number, street address and telephone number to protect their privacy. Name and city, state and zip code, and the substance of the objection, shall not be redacted. An unredacted version of the objection shall be served directly on counsel.

18. Any response to an objection shall be filed with the Court no later than fourteen (14) days before the Final Fairness Hearing.

19. <u>Motion for Final Approval</u>.  The Motion for Final Approval of the Settlement shall be filed and served no later than forty-five (45) days before the Final Fairness Hearing.  Class Counsel shall file any motion requesting attorneys' fees and expenses and/or service awards from the Settlement Fund no later than thirty (30) days before the Opt-Out Deadline and Objection Deadline.  Any such request shall be in accordance with the terms set forth in Section 11.1 of the Settlement Agreement.

20. <u>Final Fairness Hearing</u>.  The Final Fairness Hearing shall be held before the Court on October 1, 2021, at 9:00 a.m.  At the Final Fairness Hearing, the Court will consider the:  (a) fairness, adequacy and reasonableness of the Settlement and the Settlement Agreement and whether the Settlement should be granted final approval by the Court, (b) approval of the proposed distribution of the Settlement Payments to Settlement Class Members, and (c) entry of a Final Approval Order and Judgment including the Releases.  Class Counsel's Motion for Attorneys' Fees and Expenses and/or any Service Awards shall also be heard at the Final Fairness Hearing.

.

21. The Court preliminarily enjoins Plaintiffs and all other members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from: (a) filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims; and (c) attempting to effect opt-outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims, as defined in Section X of the Settlement Agreement.

22. The foregoing injunction (a) is necessary to protect and effectuate the Settlement Agreement, this Preliminary Approval Order, and the Court's flexibility

and authority to effectuate the Settlement Agreement and to enter judgment when appropriate, (b) shall remain in force until the Court orders otherwise, and (c) is ordered in aid of this Court's jurisdiction and to protect its judgments. Any person or entity who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Plaintiffs, Defendants, and/or any of the other Released Parties as a result of the violation. Nothing herein will prevent any member of the Settlement Class, or any person actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s).

23. By entering this Order, the Court does not make any determination as to the merits of the Lawsuit.

24. The Court reserves the right to adjourn or continue the Final Fairness Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Final Fairness Hearing or at any adjournment or continuance thereof, and to approve the Settlement with modifications, if any, consented to by Class Counsel and Defense Counsel without further notice.

25. <u>No Admission</u>. The parties emphasize that neither the Settlement Agreement nor the Releases given therein, nor any consideration therefor, nor this Preliminary Approval Order, nor any actions taken to carry out the Settlement and the Settlement Agreement shall be deemed or construed to be an admission or concession of liability or evidence of any violation of any statute, law, rule,

regulation or principle of common law or equity, or of any liability or wrongdoing by Defendants or any of the other Released Parties, or the truth of any of the claims, or of the validity of any claim, defense, or of any point of fact or law (including but not limited to matters respecting class certification).  Neither the Settlement nor the Settlement Agreement, nor any of its provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, this Preliminary Approval Order, or the Final Approval Order and Judgment), negotiations, or proceedings relating in any way to the Settlement, shall be discoverable or used, directly or indirectly, in any way, whether in the Lawsuit or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Settlement and the Settlement Agreement, this Preliminary Approval Order and the Final Approval Order.

26. <u>Reasonable Procedures to Effectuate the Settlement</u>.  The Parties are authorized, without further approval from the Court, to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and exhibits thereto as (a) shall be consistent in all material respects with this Preliminary Approval Order and (b) do not limit the rights of the Parties or members of the Settlement Class.

27. <u>Schedule of Future Events</u>.  The following are the deadlines by which certain events must occur pursuant to this Order:

| | |
|---|---|
| **April 5, 2021** | Deadline for Notice to be provided to the Settlement Class (Notice Deadline) |
| **August 2, 2021** | Deadline to file Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards |
| **September 1, 2021** | Deadline to file objections or submit requests for exclusion (Objection Deadline and Opt-Out Deadline) |
| **August 3, 2021** | Deadline for Settlement Class Members to submit a Claim Form |
| **August 17, 2021** | Motion and memorandum in support of final approval |
| **September 1, 2021** | Deadline for Class Members to file Notice of Intention to Appear at Final Fairness Hearing |
| **September 17, 2021** | Deadline for Parties to file the following:<br>(1) List of persons who made timely and proper requests for exclusion (under seal);<br>(2) Declaration of Notice Procedures detailing the scope, methods and results of the Notice Plan and compliance with the obligation to provide notice to each appropriate State and Federal Official as provided for in 28 U.S.C. § 1715(a) and (b) due process requirements |
| **September 17, 2021** | Deadline for Parties to respond to any objections |
| **October 1, 2021 at 9:00 a.m.** | Final Fairness Hearing |

16

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, February 19, 2021.



Jill A. Otake
United States District Judge

---

***CYRIL MARTIN, et al. vs. MARRIOTT INTERNATIONAL, INC., et al.*; Civil No. 18-00494 JAO-RT;** Order: (1) Preliminarily Approving Class Action Settlement Agreement, (2) Approving Form Of Notice, (3) Establishing Objection Deadlines, (4) Directing Dissemination Of Notice, And (5) Setting Final Fairness Hearing Re: Settlement Between Plaintiffs And Defendants