# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| CYRIL MARTIN; JENNIFER MARTIN; RUSSELL BAIRD; CYNDY BAIRD; MICHAEL ARCHIBALD; SHELLEY ARCHIBALD; STEVE OLSON; JULIE OLSON; ROBERT HAZELTON; and ALICIA HAZELTON, individually and on behalf of all others similarly situated<br><br>      Plaintiffs,<br><br>V.<br><br>MARRIOTT INTERNATIONAL, INC.; KYO-YA HOTELS & RESORTS; DOE DEFENDANTS 1-50<br><br>      Defendants. | JUDGMENT IN A CIVIL CASE<br><br>Case: CV 18-00494 JAO-RT<br><br><br><br>FILED IN THE<br>UNITED STATES DISTRICT COURT<br>DISTRICT OF HAWAII<br><br>October 19, 2021<br><br>At 1 o'clock and 50 min p.m.<br>MICHELLE RYNNE, CLERK |

[ ]  **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

[✓]  **Decision by Court**.  This action came for hearing before the Court.  The issues have been heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that judgment is entered pursuant to and in accordance with, the "Order Granting (1) Plaintiffs' Motion for Final Approval of Class Settlement and Entry of Order and Final Judgment; (2) Defendant's Motion for Final Approval of Class Action Settlement; and (3) Plaintiffs' Motion for Award of Attorney's Fees, Reimbursement of Costs and Expenses, and Class Representative Service Awards", ECF No. 181, filed on October 19, 2021.

    (1) The requirements of FRCP 23(e) have been satisfied and the Settlement Agreement is fair, reasonable, and adequate.

(2) The Court certifies the Settlement Class, as described in Section 1.33 of the Settlement Agreement.

(3) James J. Bickerton and Bridget G. Morgan-Bickerton of Bickerton Law Group LLLP, are finally appointed as class counsel for purposes of the settlement.

(4) The parties and counsel are directed to implement the Settlement Agreement according to its terms and provisions.

(5) The Court approves $547,630.64 in attorneys' fees plus general excise tax and $42,290.09 in costs.  These amounts shall be paid from the settlement fund.

(6) The Settlement Agreement, this Order, and the final judgment will be binding on, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings encompassed by Plaintiffs  releases and/or that are based, in whole or in part, on the released claims.

(7) This case (including all individual claims and class claims presented) is DISMISSED on the merits WITH PREJUDICE with the parties to bear their own attorneys' fees and costs, except as provided herein.

(8) Without affecting the finality of the final judgment for purposes of appeal, the Court retains jurisdiction regarding all matters relating to the administration, consummation, and enforcement of the Settlement  Agreement and for any other necessary purpose relating to the settlement.

(9) Plaintiffs and all class members are barred and permanently enjoined from filing lawsuits or participating in actions based on or relating to the claims falling within the scope of the Settlement Agreement.

(10) The Court directs the Clerk's Office to enter final judgment and close the case.

Any and all claims of Plaintiffs Ovais Inamullah, M.D. and Sana Khalique were dismissed without prejudice pursuant to the "Stipulation and Order (1) Removing Plaintiffs Ovais Inamullah, M.D. and Sana Khalique as Class Representatives; (2) Dismissing Plaintiffs Ovais Inamullah, M.D., and Sana Khalique Claims Without Prejudice; and (3) Amending Caption; Exhibit "A", ECF No. 89, filed on June 21, 2019.

|  |  |
|---|---|
| October 19, 2021 | MICHELLE RYNNE |
| Date | Clerk |
|  | /s/ Michelle Rynne by ET |
|  | (By) Deputy Clerk |